IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMIE LAJOY,

        Plaintiff,

vs.                                Civil Action Number:

LINCOLN FINANCIAL GROUP and,
GROUP LONG TERM DISABILITY
INSURANCE FOR EMPLOYEES
OF VERLAND,

        Defendants.

## COMPLAINT

AND NOW, comes the Plaintiff, Jamie LaJoy, by and through his undersigned counsel, Gregory G. Paul, Esquire, and files the within Complaint, to obtain declaratory relief, and recover disability benefits under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

## JURISDICTION AND VENUE

1.      This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.      Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the breaches of duty herein alleged occurred in this district, and one or more of the defendants

resides or is found in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Jamie LaJoy, is an adult individual who resides in Beaver, Pennsylvania.

4. Defendant, Group Long Term Disability Insurance for Employees of Verland, is a benefit plan as defined by ERISA doing business with its principal place of business located at 212 Iris Road, Sewickley, Pennsylvania 15143.

5. Defendant, Lincoln Financial Group, is the underwriting company of the Plan and is located at 801 Indian Hills Drive, Omaha, NE 68114-4066.

## SUMMARY OF ACTION

6. Mr. LaJoy is currently 45 years old and was employed by Verland as a nurse until he was unable to continue working on December 26, 2014 due to a scheduled cervical spine operation on December 29, 2014.

7. On or about December 26, 2014 and continuing, Plaintiff has been unable to continue working in any occupation due to multiple medical conditions including but not limited to cervical stenosis, degenerative disc disease, nerve damage, and migraine headaches causing blurry vision, ringing in the ears, nausea and vomiting.

8. Under the applicable long-term disability policy, an eligible employee will be "total disability" or "totally disabled" when (1) during the Elimination Period and Own Occupation Period, it means that due to a Disability the Insured Employee is unable to perform all of the material and substantial duties of his or her own occupation and (2) After the Own Occupation Period, it means that due to a Disability the Insured Employee is unable to perform all of the material and substantial duties of any Gainful Occupation".

9.       After approving Mr. LaJoy for short-term and "own occupation" disability benefits, Defendants ceased payments effective March 29, 2016. Following the submission of two appeals, Defendants issued a final denial dated March 21, 2017 continuing to deny Plaintiff's long-term disability benefits on the basis that his restrictions and limitations are within the job description of sedentary. Contrary to this denial, Mr. LaJoy remains unable to perform any occupation on a full-time basis as documented by his treating physician, Dr. Duke Thomas.

10.      In support of its denial, Defendants relied upon the non-examining paper review from Dr. Rue, despite the policy providing that Lincoln had the right to have Mr. LaJoy examined in person by a physician, specialist or vocational rehabilitation.

11.      As a result of Defendants' denial of long-term disability benefits, Plaintiff has not received the monthly benefits to which he is entitled. Furthermore, defendant's denial was infected by conflict of interest including but not limited to the claims processing and payment of claims by the same insurance company, failure to assess non-exertional limitations related to pain and migraine headaches.

**COUNT ONE**
**(CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))**

12.      The averments set forth in the above paragraphs are incorporated by reference.

13.      The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") based upon his becoming disabled within the meaning of the Plan.

14.      Plaintiff has established his disability within the meaning of the Plan and is entitled to Disability Benefits because he is unable to perform all of the material and substantial duties of any gainful occupation.

15.     On or about March 21, 2017, Defendant denied Disability Benefits. Plaintiff is entitled to payment of the Disability Benefits under the Plan because his medical conditions prevent him from performing the duties of any gainful occupation.

16.     Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA and adversely affects his eligibility for continuing long-term disability benefits.

17.     Plaintiff has exhausted all administrative levels of appeal by the issuance of the final denial letter dated March 21, 2017.

WHEREFORE, Plaintiff, Jamie LaJoy, respectfully prays that the Court: (1) declare that the Defendants be assessed and ordered to pay $110 per day for the failure and/or refusal to provide requested Plan documents, schedules and policies from July 20, 2009 through October 2, 2009 pursuant to 29 U.S.C. §1132(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jamie LaJoy, respectfully prays that the court: (1) declare that the Defendants are obligated to pay Plaintiff his past due Disability Benefits; (2) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (3) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN & PAUL, PLLC

/s/ Gregory G. Paul
GREGORY G. PAUL
Attorney for Plaintiff
PA I.D. No.:  83334
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
 (888) 822-9421 (facsimile)
gregpaul@morgan-paul.com